IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MICHAEL RENARDO ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 322-066 |
| | ) |
| JERMAINE WHITE, Warden; JACOB | ) |
| BEASLEY, Deputy Warden; VERONICA | ) |
| STEWART, Deputy Warden; and KAREN | ) |
| THOMAS, UM of Tier 1, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison ("TSP"), is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING THE AMENDED COMPLAINT**

   A.  **BACKGROUND**

Plaintiff names the following defendants: (1) TSP Warden Jermaine White; (2) former Deputy Warden of Security Jacob Beasley; (3) Deputy Warden of Security Veronica Stewart; and (4) Tier 1 Unit Manager Karen Thomas (Doc. no. 6, pp. 1-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 30, 2021 at 2:40 p.m., non-gang members, including Plaintiff, were subjected to multiple assaults and verbal threats in B-building B-1 at TSP. (Id. at 4.) At that time, and also on November 16, 2020 at 9:30 a.m., no prison officers were "in booth" in B-building. (Id. at 4-5.) Plaintiff alleges Defendants knew the booths were unstaffed. (Id. at 5.) As a result of serious threats posed to Plaintiff, he has been housed in E1-201 for more than a year, where he is unable to participate in various prison programs and privileges. (Id.) Plaintiff filed a grievance concerning TSP's lack of security, which was denied. (Id. at 7-8, 12.)

### B.      DISCUSSION

#### 1.      Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."

Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State A Valid Claim for Conditions of Confinement Based on his Allegations of Limited Security

"[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "An excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm," and "confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir.

3

2014).

Challenges to conditions of confinement are subject to a two-part analysis. Chandler, 379 F.3d at 1289. First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*); Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (*per curiam*) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, Plaintiff must satisfy a subjective prong by showing that Defendants acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013). The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.

Plaintiff has not shown the staffing issues described in his amended complaint rise to the level of violating contemporary standards of decency. Although an attack may be actionable where violence and terror reign and an inmate is exposed to a constant threat of violence, the "occasional, isolated attacks by one prisoner on another" does not necessarily constitute cruel and unusual punishment. Harrison, 746 F.3d at 1299-1300. Plaintiff alleges

4

one verbal assault on May 30, 2021, and implies another event occurred on November 16, 2020.  Plaintiff does not further describe the May 30th assault, does not identify the attacker, and does not allege he or any other inmate suffered physical injuries.  See Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019) (*per curiam*) (explaining Eighth Amendment violation requires deliberate indifference "to substantial risk of serious harm to an inmate who suffers injury").  Even if he had provided more details, two allegations of violence months apart are insufficient to demonstrate "violence and terror reigned" at TSP.  See Rhiner v. Sec'y, Fla. Dept. of Corrs., 817 F. App'x 769, 776 (11th Cir. 2020) (*per curiam*) (finding ten gang related incidents occurring over two years fails to constitute a substantial risk of serious harm); Harrison, 746 F.3d at 1300 (finding thirty-three incidents in prison population of approximately 800 to 1000 inmates across three years failed to demonstrate violence and terror reigned).

Plaintiff also has not shown Defendants acted with a culpable state of mind.  Aside from twice repeating Defendants were deliberately indifferent, Plaintiff alleges only two instances of inadequate staffing at a security booth at TSP.  While he alleges Defendants knew the booths were unstaffed at those times, he does not allege any facts that would show Defendants were aware of an excessive risk to inmate health or safety.  As mentioned above, he does not even identify who verbally assaulted him.  Plaintiff's allegations are merely formulaic recitations of the elements of a cause of action and fail to state a claim.  In any event, "[t]he Eighth Amendment does not require the uninterrupted personal supervision of all inmates." Estate of Owens v. GEO Group, Inc., 660 F. App'x 763, 773 (11th Cir. 2016) (*per curiam*); see also Purcell v. Toombs Cnty., 400 F.3d 1313, 1323 n.23 (11th Cir. 2005) ("The Constitution does not require that every inmate in a jail be observed by a guard every twenty

5

minutes."); Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995) (finding that failure by jailer to check on "bullpen" of inmates during one hour prior to assault insufficient to show deliberate indifference).

### 3. Plaintiff Fails to State a Claim for Official Capacity Monetary Damages

Plaintiff states he is suing Defendants in their individual and official capacities. However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fail as a matter of law and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, Plaintiff fails to state a claim upon which relief can be granted against any Defendant. Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of September, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA